CAUSE NO. 02-CR-1708-1

35,354-04

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 0 8 2015

Abel Acosta, Clerk

EX PARTE

JESSE RIOS #1812554, Applicant (Prose)  §
                                          §
        V.                                §
                                          §
THE STATE OF TEXAS                        §

IN THE COUNTY COURT

AT LAW NUMBER 1

NUECES COUNTY, TEXAS

## APPEAL FROM ORDER DENYING ART. 11.09 APPLICATION FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW, JESSE RIOS, Applicant (prose) pursuant Art. 11.09 of the Texas Code of Criminal Procedure and Texas Constitution Art. 5 § 16 and Government Code § 25.0003(a) and moves the Court to grant this his motion of appeal from order denying relief in Art. 11.09 Application for Writ of Habeas Corpus and will show the following:

## JURISDICTION

Both county and district courts have original jurisdiction in habeas proceedings when attacks are made upon the validity of a misdemeanor conviction and petitioners have a right to appeal from order denying relief. Ex Parte Phelper 433 s.w. 2d 897

## (I) STATEMENT OF THE CASE

## ARGUEMENT w/ Authorities

The county court in the above cause has made an informed ruling without evidence of a must on record conversation between the judge and defendant to his compentency to make such a waiver of counsel. U.S. v. Jones 456 F.3d 223, 228-29 (CA3 2006)

The Court cannot make an informed ruling without a hearing. U.S v. Peppers 302 F.3d 120 (CA3 2002)

Applicant asserts that the county court in the above cause has abused its discretion in denying an evidential hearing into the petitioner's claim. The county court based its ruling on a erroneous conclusion of law or has relied on clearly erroneous factfinding. Anderson v. Atty. Gen. of Ka. 425 F.3d 853 (CA 10 2005)

Without evidence of an on record pre trial hearing (Faretta inquiry) to defendant's compentency to a valid waiver of counsel the conviction should be void.

In circumstances that show a defendant's right could not have been fairly protected without counsel, the due process Clause invalidates his conviction. Com. of Pennsylvania ex rel. Herman v. Claudy 350 U.S. 116, 118, 70 S.Ct. 223, 100 L.Ed 126

Applicant asserts he has met his burden by showing not only that the above cause was illegally used in cause no. 12-CR-1515-A but that he is still subject to future collateral consequences by use of this uncounselled prior, meeting the restrained of his liberty requirement for relief. State v. Collazo 264 S.W.3d 121-126, 127

Invoking Art. 11.09 of the Texas Code of Criminal Procedure along with Texas Constitution Art. 5 § 16 and V.T.C.A Government Code § 25.0003 (a) give county courts jurisdiction in habeas proceedings where one is not "confined" but restrained of his liberty due to allegations or conviction a misdemeanor. Attacks of the validity of a misdemeanor may also be made when one is subject to future collateral consequences.

The foregoing articles and codes also provide a petitioner several avenues to attack a prior conviction that holds detrimental consequences.

The U.S. Supreme Court has held that judges should indulge every reasonable presumption against waiver of fundamental constitutional rights. For this reason it is the State that has the burden of establishing a valid waiver of counsel. Doubts must be resolved in favor of protecting the constitutional claim. Michigan v. Jackson 475 U.S. 633, 89 L.Ed 2d 631, 106 S.Ct. 1404 (1986); Johnson v. Zerbst 304 U.S. 458 58 S.Ct. 82 L.Ed 1461 (1938)

Standardized form in compliance with statue pertaining right to representation of counsel to be read and signed by a defendant are not alone tantamount to valid waiver of counsel. Von Moltke v. Gilles 332 U.S. at 723-24, 68 S.Ct. 323; Williams v. State 925 S.W.2d 272

Uncounselled priors used for enhancement purpose are in violation of a defendant's Sixth Amendment right to counsel when resulting in any jail time. This right extends to misdemeanor convictions. Gideon v Wainwright 372 U.S. 344; Argersinger v. Hamlin 407 U.S. 25, 33, 92 S.Ct. 2006

The uncounselled prior misdemeanor conviction of assault in the above cause number alleged and utilized in obtaining the felony assault in cause no. 12-CR-1515-A was obtained while applicant was not represented by counsel, was indigent, and had not made a knowing and intelligent waiver to counsel. Ex parte Woodward 541 S.W. 2d 187; Ex parte Webster 497 S.W. 2d 305

Applicant asserts he is indigent and is unable to forward a copy of the foregoing motion at the present time to opposing party. Applicant further asserts that the DAlhart Unit in which he is presently incarcerated is currently on administrative lockdown inabling him to the law library to excercise his due diligence.

TEXAS Rules of the Court and TEXAS Rule of Appellate Procedure allow the Court jurisdiction to suspend another principle upon showing of cause TRAP Rule 2.

Due to applicant's indigentcy and reasons beyond his control he request of Court suspension rule regarding forwarding of petition to opposing party, and excuse any improper caption or heading as required by court rules and rules of appellate regarding motions addressed to the Court due to Applicant's inability to use law library for proper format.

## CONCLUSION

The Court should follow the U.S. Supreme Courts ruling that without evidence of an record into a defendants compentancy to valid waiver of counsel that conviction should be void. The Court should find Applicant has met his burden of restrained of his liberty requirement for relief because he is still subject to future collateral consequences from this uncounselled prior. This cause should be remanded, expansion of the record, an evidential hearing, and relief should be granted.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Applicant (pro se) prays that this Motion be granted and that the Court:

① Prays this Court remand the cause for futher proceedings
② Prays this Court require an evidential hearing and/or expansion of the record in the above cause

③ Prays this Court grant all relief requested but not limited to all other relief under equity of law.

④ Prays this Court void the conviction.

Respectfully Submitted,

Jesse Rios Applicant, Pro se

JESSE RIOS #1812554
Dalhart Unit
11950 FM 998
Dalhart, TX 79022

UNSWORN DECLARATION

Pursuant both Federal law (28 U.S.C. §§1746) and State law (V.T.C.A Civil Practice & Remedies Code 132.001-132.003)

My name is JESSE RIOS Tdcs #1812554 and my date of birth is 12-18-70. I am presently incarcerated in the Dalhart Unit in Dalhart, Hartley County, Texas 79022. I declare under penalty of perjury that the foregoing is true and correct.

Executed on this the 1st day of December 2015.

Jesse Rios, Affiant

CERTIFICATE OF SERVICE

I, JESSE RIOS, hereby certify that the foregoing motion has been mailed via first class mail to:

Clerk of Criminal Court of Appeals
Abel Acosta
P.O. Box 12308, CAPITOL STATION
Austin, TX 78711

Executed on this the 1st day of December 2015.

Jesse Rios
Applicant, Pro se

# ORDER

ON this the ____ of _____ , __ came on to be heard Applicant's motion Appeal from Order Denying Art. 11.09 Application for Writ of Habeas Corpus and said motion is hereby

( ) GRANTED  ( ) DENIED

Signed this ___ , day of _____ , __ .

X _____

Judge Presiding

RE: CAUSE no. 02-1708-1 / Application for 11.09 Writ of Habeas

DEAR Clerk of Court of Criminal Appeals                    12-01-15

Mr. Abel Acosta,

Enclosed please find my motion entitled Appeal From ORDER DENYING ART. 11.09 APPLICATION for Writ of Habeas Corpus. Please file and present to the Court at your earliest convinance. As acknowledgement to receiving and filing this motion please stamp date this cover letter and return to me immediately for my records.

Your assistance in this matter is greatly appreciated.

Respectfully,

Jesse Rios

JESSE RIOS #1812554
DAlhart Unit
11950 FM 998
DAlhart, TX 79022